(C.R.D. 72–22)

GIMBEL BROS., INC., et al. *v.* UNITED STATES

(Dated November 2, 1972)

*Rode & Qualey* ( *William E. Melahn* of counsel) for the plaintiffs.
*Harlington Wood, Jr.*, Assistant Attorney General (*John A. Gussow*, trial attorney), for the defendant.

MALETZ, Judge: This is a motion by plaintiffs pursuant to rule 14.7 to suspend eight cases under *Mego Corp* v. *United States*, Court No. 67/83541, which involved the dutiable status of merchandise that was invoiced as "ABC Building Blocks". The merchandise in *Mego* was classified by the government under item 737.90 of the tariff schedules as other toys, and parts of toys, not specially provided for, and assessed duty at the rate of 35 percent ad valorem. Plaintiff challenged this assessment and claimed that the importations were dutiable at the rate of 21 percent ad valorem under item 737.55 of the tariff schedules as "[t]oy alphabet blocks; and toy building blocks, bricks, and shapes."

In its complaint in *Mego*, plaintiff alleged, among other things, that the imported merchandise consisted of toy alphabet blocks and toy building blocks, bricks or shapes; that the merchandise was therefore dutiable at the rate of 21 percent under item 737.55; that the government's assessment of 35 percent under item 737.90 was in error; and that the court should enter judgment for plaintiff sustaining its claim for classification under item 737.55. In its answer, defendant admitted each allegation of the complaint and conceded that plaintiff's claim under item 737.55 should be sustained and that the government's classification should be overruled.

Against this background, plaintiff in *Mego* moved for judgment on the pleadings. In response, defendant filed a statement that it had no objection to the granting of the motion. In these circumstances, the motion for judgment on the pleadings was granted on October 6, 1972. *Mego Corp.* v. *United States*, 69 Cust. Ct. 150, C.D. 4386.

In the meantime, on October 2, 1972, plaintiffs here moved for suspension of the present eight cases pending the final determination in *Mego* on the ground that each involves an issue of law or fact common to *Mego*, i.e., whether certain blocks are "classified under item 757.90" [sic] of the tariff schedules, as amended. Defendant opposed the motion on the basis that rule 14.7(a) does not provide for the suspension here sought.

Rule 14.7(a) reads as follows:

**(a) Suspension of Actions:** An action may be suspended pending the final determination of another action (hereinafter referred to as a test case) if it involves an issue of fact or a question of law which is the same as the issue of fact or question of law involved in such test case. A party to any action who desires to have any action considered as a test case may, after issue has been joined in the test case, serve and file a motion stating the reasons therefor. For purposes of this rule, an action may be considered as a test case when an order to that effect is issued by the court after a motion has been served and filed pursuant to this rule or after trial has been commenced or the action submitted to the court for decision. The trial of an action commences when, in open court, the first witness is sworn or evidence is admitted.

With these provisions of rule 14.7(a) in mind, it is to be observed that *Mego* cannot now be considered a test case by reason of the fact that the judgment of the court therein—having been entered with the consent of the defendant—became final upon such entry on October 6, 1972, and not upon the expiration of a 60-day appeal period. In other words, since defendant consented to the entry of judgment against it in *Mego*, no appealable controversy remained, and the judgment order of October 6 therefore constituted a final determination.

For the foregoing reasons, plaintiffs' motion to suspend under *Mego* is hereby denied.